IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM MATTHEWS,

             Plaintiff,

vs.                                                    Civ. No.  12-682 JCH/WDS

FIRST NATIONS COMMUNITY
HEALTHSOURCE,

             Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion to Dismiss & Supporting Memorandum* [Doc. 7], as well as Plaintiff's *Opposed Motion Allowing [sic] Plaintiff to File Amended Complaint* [Doc. 26].  In the motion to dismiss, Defendant First Nations Community Healthsource ("FNCH") contends that Plaintiff William Matthews ("Matthews") failed to exhaust his administrative remedies with regard to those portions of his discrimination claims that arise from the termination of his employment, and further contends that all of his claims under the New Mexico Human Rights Act should be dismissed as untimely.  The Court agrees with FNCH, and therefore will grant the motion to dismiss those claims.  However, as further explained herein, the Court will permit Plaintiff to amend his complaint to the extent those amendments are not futile.

### BACKGROUND FACTS

According to the allegations of his Complaint, Matthews, a dentist, began working for FNCH in 2002.  *See* Complaint, attached as an Exhibit to Doc. 1, at ¶ 6.  Matthews further alleges that in the workplace he spoke out against discriminatory and retaliatory conduct against him and others, and as a result he was subjected to various acts of discrimination and retaliation beginning in

October of 2002 until FNCH terminated his employment on February 12, 2011. *Id*. at ¶¶ 6-7.

On December 8, 2010, Matthews filed a Charge of Discrimination with the New Mexico Department of Labor, Human Rights Division. *See* Doc 7-1. Thus, the charge predates the termination of Matthews' employment by approximately two months. The last act of discrimination or retaliation described in the charge is a Letter or Reprimand, as well as a Corrective Action and Performance Improvement Plan, that FNCH issued to Matthews on December 1, 2010. In the charge, Matthews alleges that with this action, FNCH "set [him] up to fail" so that it would later have grounds to terminate him. *See* Doc. 7-1. Matthews filed no additional or supplemental charge of discrimination after his termination. On September 12, 2011, the Human Rights Division issued a *Determination of No Probable Cause* on Matthews' charge of discrimination. See Doc. 7-1. That document informed Matthews that he could appeal the decision by filing a lawsuit within 90 days of service of the *Determination of No Probable Cause*.

On February 1, 2012, Matthews filed his pro se Complaint in the Second Judicial District Court, Bernalillo County, New Mexico, though he did not serve the defendant until May 31, 2012. *See* Doc. 1. On June 25, 2012, FNCH removed the case to this federal district court. *Id*. Matthews asserts claims for breach of contract (Count I), breach of the implied contract of good faith and fair dealing (Count II), wrongful termination (Count III), intentional infliction of emotional distress (Count IV), age discrimination in violation of the Age Discrimination in Employment Act (Count V), race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count VI), and retaliation in violation of Title VII (Count VII).[1]  Counts VI and VII are specifically based, at least

---

[1] As FNCH correctly points out, while Matthews does not explicitly assert claims under the New Mexico Human Rights Act ("NMHRA"), he does mention that statute in paragraphs 2 and 4 of his Complaint. Therefore, it appears that he may seek to hold FNCH liable for discrimination and/or retaliation under the NMHRA as well as Title VII. As a result, the Court

in part, on the termination of Matthew's employment.  *See* Cmplt., attached as an Exhibit to Doc. 1, at ¶ ¶ 58, 61.  FNCH's motion to dismiss addresses only Counts VI and VII.

## LEGAL STANDARD

Under both Title VII and the NMHRA, claims must be administratively exhausted before being brought in federal court.  *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII); *Mitchell–Carr v. McLendon*, 127 N.M. 282, 288, 980 P.2d 65, 71 (1999) (NMHRA).  Title VII creates a work-sharing deferral system between the Equal Employment Opportunity Commission ("EEOC") and the states that have their own employment discrimination legislation.  *See* 42 U.S.C. § 2000e–5(c), (d).  The NMHRA places New Mexico among those states that have their own employment discrimination legislation and contact agencies.  *See* 29 C.F.R. § 1601.74 (2005).  In New Mexico, a complainant can, upon meeting filing requirements, proceed with his or her grievance either through the EEOC or through the New Mexico Human Rights Division ("NMHRD").  *See Mitchell–Carr v. McLendon*, 127 N.M. 282, 286–87, 980 P.2d 65, 69–70 (1999). "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

To exhaust administrative remedies, an individual claimant must: (i) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge; and (ii) receive notice of the right to sue.  *See* 42 U.S.C. §§ 2000e–5(b), (c), (e), (f)(1); *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  "[A] plaintiff

---

considers both statutes in its discussion of the motions currently pending.

normally may not bring a[n] . . . action based upon claims that were not part of a timely-filed EEOC

charge for which the plaintiff has received a right-to-sue letter." *Simms*, 165 F.3d at 1321.  Once

an individual receives notice of the right to sue, he or she has ninety days in which to file suit.  *See*

42 U.S.C. § 2000e–5(f)(1).

Before 2002, under the "continuing violation" theory, the Tenth Circuit recognized a limited

exception to the exhaustion requirement "when the unexhausted claim is for discrimination like or

reasonably related to the allegations of the EEOC charge." *Simms*, 165 F.3d at 1327 (internal

citations and quotations omitted).  The Tenth Circuit "construed the 'reasonably related' exception

to include most retaliatory acts subsequent to an EEOC filing." *Id*. (citing *Seymore v. Shawver &*

*Sons, Inc*., 111 F.3d at 799).  However, in *National Railroad Passenger Corp. v. Morgan*, 536 U.S.

101 (2002), the Supreme Court effectively abrogated the  continuing violation theory.  The Tenth

Circuit recognized this fact in  *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003), where it noted

that the Tenth Circuit's "decisions have unambiguously recognized *Morgan* as rejecting application

of the 'continuing violation' theory." *Id*. at 1211 (citing *Davidson v. America Online, Inc*., 337 F.3d

1179 (10th Cir. 2003)).  The Tenth Circuit in *Martinez v. Potter* explained:

> We agree with the government that such unexhausted claims involving discrete
> employment actions are no longer viable. *Morgan* abrogates the continuing violation
> doctrine as previously applied to claims of discriminatory or retaliatory actions by
> employers, and replaces it with the teaching that each discrete incident of such
> treatment constitutes its own unlawful employment practice for which administrative
> remedies must be exhausted.

347 F.3d at 1210 (internal citations and quotations omitted).  Thus, under *Morgan*, each discrete act

of discrimination must be administratively exhausted.  "Discrete acts such as termination, failure

to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination

and  each  retaliatory  adverse  employment  decision  constitutes  a  separate  actionable  unlawful

employment practice." *Morgan*, 536 U.S. at 114, 122 S.Ct. 2061 (internal citations and quotations omitted). "The rule is equally applicable [] to discrete claims based on incidents occurring after the filing of Plaintiff's EEO complaint." *Martinez*, 347 F.3d at 1210-11.

Finally, exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action. *See Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Alcivar v. Wynne*, 268 Fed.Appx. 749, 753 (10th Cir. Mar. 10, 2008) ("The Tenth Circuit has consistently held that 'exhaustion ... is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit.' ") (quoting *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005)). When a defendant brings a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) based on a plaintiff's failure to exhaust administrative remedies in a timely manner, a court "analyze[s] th[e] case under Rule 12(b)(6) of the Federal Rules of Civil Procedure," unless a court considers materials outside the complaint, in which case "it should . . . treat [ ][the] motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *Douglas v. Norton*, 167 Fed. Appx. 698, 704–05 (10th Cir. 2006). A "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it." *Kinney v. Blue Dot Servs. of Kan*, 2012 WL 6582375 at *1 (10th Cir. Dec. 18, 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## DISCUSSION

### I.    MOTION TO DISMISS

In its motion to dismiss Counts VI and VII of Matthews' Complaint, FNCH makes two principal arguments. First, it contends that Matthews may not claim that FNCH's act of terminating his employment on February 12, 2011, was discriminatory or retaliatory because Matthews failed to file a charge of discrimination within 300 days of that event. Thus, he has failed to exhaust his

administrative remedies for his termination, which is a discrete employment action.  The Court

agrees.  The authorities discussed above provide that termination of employment is a discrete act

for which exhaustion is required.  Because Matthews failed to file an administrative complaint for

his termination, he did not exhaust his administrative remedies for that discrete act.  Matthews

contends that it was enough that in his Charge of Discrimination he alleged that FNCH placed him

on a performance improvement plan only to lay the groundwork for his termination at a later date,

and he cites *Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1094 (D.N.M. 2011) (Browning, J.) in

support of his position.  *See* Doc. 27 at 4.  In essence, Matthews advocates a return to the continuing

violation theory.  However, nothing in *Gerald* suggests that an employee exhausts his administrative

remedies for termination of his employment  by *anticipating* that he may be fired at some point in

the future.  Furthermore, the Tenth Circuit has soundly rejected the notion that Matthews proposes.

*Martinez*, 347 F.3d at 1210-11 ("The rule is equally applicable [] to discrete claims based on

incidents occurring after the filing of Plaintiff's EEO complaint.").  As a result of Matthews' failure

to exhaust administrative remedies, the Court lacks subject matter jurisdiction over Matthews'

discrimination and retaliation claims to the extent they are based on his February 12, 2011

termination.  The Court also lacks subject matter jurisdiction for any acts of discrimination or

retaliation that may have occurred more than 300 days before Matthews filed his Charge of

Discrimination on December 8, 2010.

     Next, FNCH argues that equitable tolling, waiver, and estoppel do not apply to extend the

limitations period during which Matthews could exhaust his administrative remedies.  Matthews

does not respond to this argument, much less make any effort to demonstrate facts supporting

application of these principles.  Accordingly, the Court concludes that equitable tolling, waiver, and

estoppel do not apply here.

Finally, FNCH argues that Matthews' claims under the NMHRA are untimely because he failed to file his complaint within 90 days of service of the New Mexico Human Rights Bureau's Determination of No Probable Cause.  FNCH points out that the Human Rights Bureau mailed its Determination of No Probable Cause to Matthews on September 12, 2011, a fact which he admits. Doc. 27 at 2.  That document advised Matthews that, in accordance with NMSA 1978, § 28-2-13, he had 90 days from the date of service of the Determination in which to file a lawsuit against FNCH.  However, Matthews did not file his Complaint in state court until February 1, 2012—more than 140 days after the Human Rights Bureau mailed its Determination of No Probable Cause.  As a result, his lawsuit is untimely with respect to the NMHRA claims asserted in his December 8, 2010 Charge of Discrimination.  In his response, Matthews does not respond to this argument.  Based on the facts and evidence before it, the Court concludes that Matthews' claims under the NMHRA are untimely and should be dismissed.

## II.    MOTION FOR LEAVE TO AMEND

In his motion for leave to amend the Complaint, Matthews states that "counsel believes an Amendment to the original Complaint" is necessary."  Doc. 26 at 1.[2]  However, the motion does not explain why the proposed amendment is necessary, what defects in the original Complaint it endeavors to correct, or how the proposed amended pleading differs from the original.  Thus, the motion leaves to the Court the task of comparing the two documents to determine how they are different.  According to FNCH, the proposed amended complaint (1) eliminates claims under the NMHRA; (2) eliminates many of the allegations involving conduct that occurred more than 300 days before the filing of Matthews' December 8, 2010 Charge of Discrimination; (3) clarifies the

---

[2] FNCH filed a response to the motion to amend.  *See* Doc. 29.  Matthews did not file a reply.

scope of Counts VI and VII.  Doc. 29 at 1.  FNCH does not oppose Matthews' proposed amended complaint as to the first and second group of changes described above.  However, it opposes the changes to Counts VI and VII to the extent that Matthews continues to attempt to assert claims of discrimination and retaliation arising from the termination of his employment.  FNCH contends that such amendments would be futile because they do not change the fact that Matthews failed to exhaust his administrative remedies for the discrete act of his termination.  The Court agrees.

While Rule 15 provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile.  *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  Here, the portions of Counts VI and VII that rely upon the termination of Matthews' employment remain subject to dismissal because he failed to exhaust his administrative remedies. Thus, to the extent that the proposed amended complaint continues to rely upon Matthews' termination as a basis for recovery, the amendment is futile and will not be permitted.

Therefore, the motion to amend is granted in part.  The Court will permit Matthews to file an amended complaint that eliminates his claims under the NMHRA and eliminates allegations involving conduct that occurred more than 300 days before the filing of Matthews' December 8, 2010 Charge of Discrimination.  However, to the extent that he seeks to amend Counts VI and VII such that they continue to include claims arising from his termination, such amendment is futile and will be denied.

**IT IS THEREFORE ORDERED** that:

(1)     *Defendant's Motion to Dismiss & Supporting Memorandum* [Doc. 7] is **GRANTED**;

(2)     all of Plaintiff's claims under the New Mexico Human Rights Act are **DISMISSED WITH**

**PREJUDICE** as they are untimely;

(3)      all of Plaintiff's discrimination and retaliation claims, to the extent that they arise from the termination of his employment, are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies;

(4)      Plaintiff's *Opposed Motion Allowing [sic] Plaintiff to File Amended Complaint* [Doc. 26] is **GRANTED IN PART** and **DENIED IN PART** as described above.

_____
**UNITED STATES DISTRICT JUDGE**